UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF NEWYORK

PAUL COLON
Petitioner

.v.

UNITED STATES OF AMERICA
Respondant.

Criminal 12 Cr 732(WHP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/3/16

**MOTION 28 U.S.C 2255 To Vacate, Set-Aside, Correct a Sentence, A Person In Federal Custody**

**Appoint Counsel**

**Here Comes Now,** Petitioner Mr Paul Colon moves this court to respectfully submit this motion 28 u.s.c 2255 to correct a sentence. Mr Colon request that this court appoint counsel under the Criminal Justice Act 18 u.s.c section 3006A.

**Applicable Law:**

**Actual Innocence Jurisdiction Gateway**

Mr Colon moves this court and claims actual innocence to the sentence Impose due to procedural error commited in this case. This court has subject matter jurisdiction under this section motion 2255. However "a collateral attack on a final judgment in a federal criminal case is generally available under 2255 only for constitutional error, a lack of jurisdiction in the sentencing court, or error of law of facts that constitutes a fundamental fefect which inherently result in a complete miscarriage of justice " United States .v. Bokin 73 F 3d 8, 12 (2 Cir 1995) Quoting Hill .v. United States 368 U.S 424, 428 7 L ed 2d 417 82 S Ct 468 (1962).

## Procedural History

On March 12 2013 Indictment S3 12 Cr 732 was filed in the Southern District of New, York.

See Attached PSR Page (3) Count one of the indictment charges Mr Colon with Conspiracy to distribute and posses with the intent to distrbute (1) 280 grams and more of cocaine base in violation od 21 u.s.c 841(b0(1)(A) (2) U.S.C mixture and substances containing a detectable amount of cocaine in violation of 21 u.s.c 841 (B)(1)(C); and (3) Oxycondone a scheduled II controlled subsatnce, in violation of 21 U.S.C 841 (b)(1)(C). Count (2) charging Mr Colon with 18 U.S.C 924 (c)(1)(A)(iii) and (2).

On November 13 2013 Mr Colon pled guilty to count 1 of the in dictment before Honorable William H Pauley III.

PSR page (40 In accordance with a plea agreement, the parties stipulated Pursuant to section 2D1.1(c)(4), the base offense level is 32, because the defendant's offense involved at least 280 grams but less than 840 grams of crack cocaine. With the exceptance of responsibility points, Mr Colon applicable guideline range offense level was 29, that the probation department found to be. Mr Colon criminal history point fell at category IV. Based upon calulation setforth above, the defendant stipulated guideline range is 121-135.

**SENTENCING:**

At sentencing held on March 7, 2014, The counsel were question by the court on were there any matters setforth in the report that they believe need for modification or correction, the parties response no your honor (tr at 2).

The district court review the PSR, (tr at 4) The court found that Mr Colon pled guilty to conspiring to possess with the inten to distribute crack cocaine and oxycondone, the base offense level for this narcotics conspiracy and admitted responsibilty for 280 and 840 grams of crack cocaine.

The district court consider the factors under 3553 (a) (tr at.5) and said that he found the conspiracy last over a number of years, approxmiatley six years, to, posses with the entent to distribute crack cocaine and oxycodone. (tr at 5). The court sentence Mr Colon to 120 months.

Argument (1)

**The District Court Erred Unware that Mr Colon Drug Quantity weight was 280 to 840 in the Allege six years conspiracy.**

**Applicable Law:**

Appellate review of district court's sentence "compasses two components: Procedural review and Subtantive review, United States .v. Carvera 550 F 3d 180 189 (2d Cir 2008) See generally United States .v. Booker 543 U.S 220 2005). United States .v. Crosby 397 F 3d 103 (2d Cir 2005).

A district court "commits procedual error where it fails to calulate the Guideline range (unless the omission of the calulation is justified), makes a mistake in its Guideline calulation [] treats the Guideline as mandator[]...does not consider the section 3553 (a) factors or rest its sentence on a clearly erronous finding of facts, United States .v. Carvera 550 F 3d at 190 (internal citation omitted) see Gall v.v United States 552 U.S 38 51 (2007). Procedural error occurs if the sentencing judge fails to provide an adequate

explanation for any deviation from the guidelines range Carvera 550 F ed at 190.

See exhibit A) PSR page (9):

On 8/25/2007 Mr Colon was charge with a Attempted Criminal sale controlled Substance in the County of the Bronx. Docket# 3639-2007. In accordance to the PSR Mr Colon was two years in Custody, and release on parole on 5/07/09.

Mr Colon instant federal drug conspiracy charge indictment lenth was until 2006 to 2012. Mr Colon was in state custody for two years in accordance to the PSR evidence documents from January 27, 2007 until May 07, 2009.

Mr Colon drug calulation in the instant federal case is an error in the drug calulation, when the district court consider six years drug conspiracy, while two years of the conpiracy, Mr Colon was serving a two years state sentence. At sentencing, there were no objection made by Colon counsel at sentencing, and the Court was unaware of there being any evidence that while Mr Colon was serving his state sentence, he continue behind bars with the conspiracy. The record is not clear or sufficient to contribute any drug weight consideration from 1/27/2007 until 5/07/2009. The government provided no evidence that Mr Colon where still apart of the conspiracy while he was serving his two year stste sentence. Mr Colon sentence, addressing the drug weight is clear error in his calulation, and warrant's for a remand in this case and for a evidentiary hearing on this matter.

**Request For A Evidentiary Hearing:**

Mr Colon request and evidentiary hearing in this case on exhibit A (PSR at 9), (18).

Conclusion

We ask that the court remand this case du e to the error's committed in this case and Mr Colon made a showing of Miscarriage of Justice has occured.

Sworn

Mr Colon sworn under the penalty of perjury that the above mention is true to his knowledge.

9-1-16

Paul Colon

Sign

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| 53. | 11/18/2006 (Age 20) | Criminal Tresspass-3rd Degree / New Rochelle City Court, City of New Rochelle, NY; Docket No.: 06-2253 | 09/29/2008: 90 days' custody | 4A1.1(b) 4A1.2(e)(2) 4A1.2(c)(1) | 2 |

54. Additional details are awaited.

55. A bench warrant was issued in this case on January 17, 2007, and the warrant was vacated when the defendant was returned on the warrant on September 15, 2008.

| | | | | | |
|---|---|---|---|---|---|
| 56. | 08/25/2007 (Age 21) | Attempted Criminal Sale Controlled Substance: In/Near School Grounds or on School Bus / Bronx County Supreme Court, Bronx, NY; Docket No.: 3639-2007 | 12/02/2008: 2 years' custody and 3 years' post-release supervision<br><br>05/07/2009: Paroled<br><br>05/07/2012: Discharged (maximum expiration date) | 4A1.2(a) | 0 |

57. According to the police report, while in concert with another individual, the defendant sold a quantity of a controlled substance to an undercover police officer for pre-recorded buy money. He also tried to conceal crack cocaine from officers.

58. Because the criminal conviction was for conduct that was part of the instant offense, this conviction is not considered a prior sentence (See Application Note 1 in §4A1.2). As such, this conviction does not result in any criminal history points.

| | | | | | |
|---|---|---|---|---|---|
| 59. | 09/15/2008 (Age 22) | Bail Jumping-3rd Degree / New Rochelle City Court, City of New Rochelle, NY; Docket No.: 08-0493 | 09/29/2008: 90 days' custody | 4A1.1(b) 4A1.2(e)(2) | 2 |

60. Additional details are awaited.

**<u>Criminal History Computation</u>**

61. The criminal convictions above result in a subtotal criminal history score of eight.

62. Because the defendant committed the instant offense while under a criminal justice sentence, two points are added. USSG §4A1.1(d).

63. The total criminal history score is 10. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of 10 establishes a criminal history category of V.

**SENTENCING RECOMMENDATION**

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
UNITED STATES V. PAUL COLON, DKT. 0208 1:12CR00732-008**

| | | | |
|---|---|---|---|
| **TOTAL OFFENSE LEVEL** | | | **29** |
| **CRIMINAL HISTORY CATEGORY** | | | **V** |

| | **Statutory Provisions** | **Guideline Provisions** | **Recommended Sentence** |
|---|---|---|---|
| **CUSTODY:** | Ct. 1: 10 years-life | 140 months-175 months | 140 months |
| **SUPERVISED RELEASE:** | Ct. 1: 5 years-life | Ct. 1: 5 years-life | 5 years |
| **PROBATION:** | Ineligible | Ineligible | Not recommended |
| **FINE:** | Ct. 1: $10,000,000 | $15,000-$10,000,000 | Not recommended |
| **RESTITUTION:** | N/A | N/A | N/A |
| **SPECIAL ASSESSMENT:** | Ct. 1: $100 | Ct. 1: $100 | Ct. 1: $100 |

**Justification:**

The defendant stands before the Court having pled guilty to one count of Conspiracy to Distribute and Possess With Intent to Distribute Crack Cocaine. This represents the sixth known criminal conviction for this 27-year-old defendant. He has convictions for narcotics (two), petit larceny, trespassing, and bail jumping. In May 2009, he was paroled following a two-year prison term for a narcotics offense, and he committed the instant offense while under parole supervision.

In the instant offense, the defendant participated in a narcotics conspiracy. He was responsible for distributing crack cocaine and is being held accountable for distributing between 280 but less than 840 grams. We calculated an advisory guideline range of 140 to 175 months' imprisonment, which is higher than the stipulated range in the plea agreement of 121 to 135 months. The difference is due to a conviction for petit larceny not reflected in the plea agreement. We note the defendant is facing a mandatory term of ten years' imprisonment.

Cerificate of Service

Mr Colon sworn under the penalty of perjury that the below party has been served with the enclosed motion by regular mail here at Fort Dix Mailing System on 9-1-16 2016

AUSA Brendan Quigley
United States Attorney Office
Southern District of New York.

Sign Paul O Colon